UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02298-MCS-JC | Date | April 25, 2025 |
| Title | *Karp v. Forest River, Inc.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDE RE: MOTION TO REMAND (ECF NO. 11) (JS-6)

Defendant Ford Motor Co. removed this action from state court, invoking diversity jurisdiction. (Notice of Removal, ECF No. 1.) Plaintiff Charles H. Karp moved to remand and requested sanctions, (Mot., ECF No. 11), Ford opposed, (Opp'n, ECF No. 15), and Plaintiff replied, (Reply, ECF No. 16). The Court deems the matter appropriate for decision without oral argument. Fed R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**I.   BACKGROUND**

Plaintiff alleges he purchased a vehicle from Defendant Forest River that contained "defects, nonconformities, maladjustments, or malfunctions." (Compl. ¶¶ 5, 10, ECF No. 1-2.)[1] The vehicle came with a warranty, but Plaintiff avers that Defendants failed to make the vehicle "conform to the applicable warranties." (*Id.* ¶ 13.) On this allegation and others, Plaintiff claims that Defendants' actions violated the Song-Beverly Consumer Warranty Act. (*Id.* ¶¶ 14–26.) He seeks damages for the

---

[1] Plaintiff filed his original complaint against Forest River and Does 1–50. He later filed amendments to his complaint to name Ford Motor Company and other defendants. (*See* Amendments to Compl., ECF No. 1-5.)

cost of the vehicle, prejudgment interest, civil penalties, and attorneys' fees. (*Id.*, Prayer for Relief.)

In its Notice of Removal, Ford claimed that diversity jurisdiction exists because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Notice of Removal ¶¶ 9–25.) To support the latter assertion, Defendant attached the sales contract, which shows that the total sale price for the vehicle was $172,384.80. (Critchlow Decl. Ex. E, ECF No. 1-6.) The sales contract also shows that Plaintiff only paid $30,000 as a down payment, and he financed the remaining $142,384.80, representing a $91,870.66 principal and $50,514.14 in finance charges, with monthly payments of $593.27 beginning on June 26, 2021. (*Id.*) The Court now assesses whether diversity jurisdiction is present.

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." (citation omitted)). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

///

### III.     MOTION TO REMAND

Plaintiff argues that remand is appropriate because Ford's removal was untimely, because there is no diversity of citizenship, and because the amount in controversy requirement is not satisfied. (Mot. 1–3.)  The Court focuses on the third issue and agrees that Ford has not met its burden to show that the action places more than $75,000 in controversy. Therefore, remand is appropriate.

#### A.     Actual Damages

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

Defendant's entire measure of actual damages rests on the premise that the sales contract lists the value of the vehicle at $172,384.80. (Opp'n 5; Notice of Removal ¶ 15.) But "the actual price paid or payable by the buyer includes only *paid* finance charges," not finance charges that have yet to accrue. *Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 U.S. Dist. LEXIS 76768, at *9 (N.D. Cal. Apr. 27, 2022) (citing *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–39 (2000)). Here, based on the terms of the sales contract, Plaintiff has only incurred around $57,209.42 between the down payment and approximately 46 subsequent monthly payments. (Critchlow Decl. Ex. E.) The Court also notes that Defendant does not offer any information towards a mileage offset. *See Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (holding that considering a use offset is appropriate in the jurisdictional analysis, reasoning that "an estimate of the amount in controversy must be reduced if 'a specific rule or measure of damages limits the amount of damages recoverable'" (quoting *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015))). Defendant suggests in its opposition that the Court should include Plaintiff's claim for attorneys' fees and civil penalties in calculating the amount in controversy. (Opp'n 5–6; *see also* Notice of Removal ¶¶ 16–20.) However, for the reasons below, the Court is unconvinced.

#### B.     Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot

simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *8 (C.D. Cal. May 21, 2020) (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Ford asserts that in addition to $172,384.40 in restitution, Plaintiff would be entitled to $344,769.60 in civil penalties, totaling $517,154.50, which would satisfy the amount in controversy requirement. (Opp'n 5; Notice of Removal ¶¶ 16–17.) As an initial matter, this calculation uses a measure of actual damages that again assumes Plaintiff has paid the full value of the vehicle. Even if the Court were to accept Ford's proffered calculation, acknowledging an intracircuit split on the issue, the Court is not required to consider civil penalties when calculating the amount in controversy absent some indicia of willfulness. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–8 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Ford presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g.*, *id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.,* No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award."). Ford has not established that the requested civil penalty is more likely than not in controversy.

### C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

In its opposition, Ford states that reasonable attorney's fees are included in the amount in controversy calculation, and that Song Beverly Act cases allow for fees, "which regularly exceed $15,000." (Opp'n 5–6; *see also* Critchlow Decl. ¶ 14–15, ECF No. 1-1.) As a preliminary matter, a fee award of $15,000 in addition to $57,209.42 in actual damages would still be short of the amount in controversy threshold. Moreover, Ford provides no argument or explanation as to why *this* case would justify $15,000 in fees. Comparing this case to generic Song Beverly Act cases is unpersuasive. *See D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *10–11 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the Act settle early, and Defendant provides no explanation for why this case is similar to ones that went to trial."); *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) (finding burden unmet where "Defendants fail[ed] to provide the Court with specific evidence showing the attorneys' fees in *this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold). Ford fails to establish beyond speculation the measure of attorney's fees at issue in this case.

**IV.    REQUEST FOR SANCTIONS**

Plaintiff also requests sanctions on Ford for failing to meet and confer before filing its notice of removal, and for removing this case on improper grounds. (Mot. 7–8.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court may issue sanctions under Rule 11(c) if the court determines that a filing was presented for an improper purpose or is factually or legally frivolous. Fed. R. Civ. P. 11(b)–(c).

The Court declines to make such a finding here. First, Ford had no obligation to meet and confer before filing its notice of removal. Parties are only required to confer pursuant to Local Rule 7-3 before filing motions. There is no requirement to confer before removing an action to federal court. Second, although removal was improper here, the Court does not find that Ford's removal was objectively unreasonable, frivolous, or made in bad faith. Plaintiff's arguments mostly revolve around Ford's failure to engage in "even a brief discussion" before removing the case. (Mot. 8.) Again, Ford had no obligation to meet and confer, and the Court does not find Ford's arguments made in support of removal so untenable that fees or sanctions are appropriate.

## V. CONCLUSION

The Court finds that Ford fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000, so the Court finds that it does not have subject-matter jurisdiction over the case. Plaintiff's motion to remand is granted and his request for sanctions is denied. The case is remanded to Los Angeles County Superior Court, Case No. 24NVECV01194. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**